UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GEORGE LOCASCIO and**
**JOHNNY LONG**,

    Plaintiffs,

v.                                          **Case No: 8:05-CV-416-T-24EAJ**

**LENORE JACOBS, TRE, NORTH PARK**
**CENTER LAND TRUST**,

    Defendant.
_____/

**ORDER**

Before the court are Plaintiffs' **Motion to Compel Full and Complete Responses to Plaintiffs' Requests for Production** (Dkt. 27), Plaintiffs' **Amended Motion to Compel Full and Complete Responses to Plaintiffs' First Set of Interrogatories** (Dkt. 28), and Defendant's **Responses** (Dkts. 32, 33). The undersigned heard oral argument on these motions on May 16, 2006. At that time the undersigned deferred ruling on the motions, ordered the parties to confer on the issues raised in the motions, and, in the event the parties could not resolve the disputed issues, ordered the parties to file a joint statement by May 23, 2006.

The parties filed a joint statement on May 23, 2006 (Dkt. 38), in which they request clarification as to a single issue: when the duty to supplement prior discovery responses is triggered. Plaintiffs argue that Defendant's ongoing efforts to remediate the property trigger a continuing duty to disclose and that Defendant has a continuing duty to disclose relevant, responsive information or documents which arise after May 26, 2006. Defendant asserts that its duty to disclose is limited by Federal and Local Rules and by the parties' earlier agreement to supplement disclosures 30 days prior to trial.


Under Federal Rule of Civil Procedure 26(e), a party has a duty to supplement disclosures or responses "at appropriate intervals . . . if the party learns that in some material respect the information disclosed is incomplete or incorrect." Fed.R.Civ.P. 26(e)(1). Here, the parties agreed in their Case Management Report that each party would supplement disclosures and responses under Rule 26(e) at two times: once at least thirty days prior to the discovery cutoff, and again thirty days prior to trial.[1]  (Dkt. 9 at 4-5). The parties' agreement in the Case Management Report does not trump the duty to supplement established by the Federal Rules of Civil Procedure. The proposed limits on supplementation which the parties agreed to were not adopted by the court in the Case Management and Scheduling Order. (Dkt. 12). The parties therefore maintain the continuing duty to supplement under Rule 26(e).  Defendant shall supplement its responses to Plaintiff's interrogatories and requests for production as governed by Rule 26(e) during the pendency of the case, including supplementation after May 26, 2006.

As for the other matters raised in the motion to compel, these are resolved, as reflected by the schedule agreed to in paragraph three of the parties' joint statement. The court appreciates the parties' resolution of these issues.

Accordingly, it is **ORDERED** and **ADJUDGED**:

(1)   Plaintiffs' **Motion to Compel Full and Complete Responses to Plaintiffs' Requests for Production** (Dkt. 27) and Plaintiffs' **Amended Motion to Compel Full and Complete Responses to Plaintiffs' First Set of Interrogatories** (Dkt. 28) are **GRANTED IN PART** as discussed above. The motions are otherwise **DENIED** as moot.

---

[1] Trial is currently set to begin in September 2006.  (Dkt. 12).

**DONE** and **ORDERED** in Tampa, Florida this 30th day of May, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge